UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD AND LORELEI FRANK,

    Plaintiff,

vs.                                                                  Case No. 14-13518

MORTGAGE ELECTRONIC REGISTRATION          HON. AVERN COHN
SYSTEMS, INC., assigned to CHRISTIANA
TRUST, a DIVISION OF WILMINGTON SAVINGS
FUND SOCIETY, FSB,

    Defendants.

_____/

## MEMORANDUM AND ORDER
## GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 3)
## AND DISMISSING CASE

### I. Introduction

This case challenges a foreclosure following default on a mortgage obligation. Plaintiffs Richard and Lorelei Frank are suing defendants Mortgage Electronic Registration Systems, Inc. (MERS) and Christiana Trust, a division of Wilmington Savings Fund Society, FSB (the Trust). Although foreclosure proceedings were commenced, foreclosure has not yet taken place.

The complaint alleges the following claims:

Count I - Wrongful Foreclosure

Count II - Breach of Contract

Count III - Fraudulent Misrepresentation

Before the Court is defendants' motion to dismiss on the grounds that the claims are either barred by the statute of frauds, insufficiently plead, or otherwise fail to state a plausible claim for relief.  For the reasons that follow, the motion will be granted.

## II.  Background

On June 27, 2005, plaintiffs obtained a loan from Cranbrook Mortgage Corporation in the amount of $139,447.00 to purchase real property located at 16899 Martin, Roseville, Michigan.  Plaintiffs' loan obligation is memorialized in a promissory note.  As security for the loan, plaintiffs granted MERS a mortgage "solely as nominee for Cranbrook Mortgage Corporation."  On May 4, 2010, MERS assigned its interest in the mortgage to BAC Home Loans Servicing, LP (BAC).  On January 8, 2014, Bank of America, N.A., successor by merger to BAC, assigned its interest in the mortgage to the Trust.

Plaintiffs defaulted under the terms of the mortgage by failing to make their loan payments when due.  Foreclosure proceedings were initiated.

While foreclosure proceedings were pending and one day prior to the scheduled sheriff's sale, plaintiffs filed a complaint in state court on August 14, 2014.  As noted above, the complaint is in three counts and in broad terms challenges defendants' right to foreclose.

On September 10, 2014, defendants removed the case to this court and later filed the instant motion to dismiss.

## III.  Legal Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the sufficiency of a complaint.  To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual

allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007). See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio, 502 F.3d 545, 548 (6th Cir. 2007). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Id. at 678 (internal quotation marks and citation omitted).

In ruling on a motion to dismiss, the Court may consider the complaint as well as (1) documents referenced in the pleadings and central to plaintiff's claims, (2) matters of which a court may properly take notice, (3) public documents, and (4) letter decisions of government agencies may be appended to a motion to dismiss. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308 (2007). Here, the Court has considered documents relating to the mortgage and the foreclosure which are referenced in the complaint and central to plaintiffs' claims.

IV.  Analysis

Each count of the complaint will be addressed below.

A.  Count I - wrongful foreclosure

Defendants contend that plaintiffs' wrongful foreclosure claim should be dismissed "for the simple reason that Plaintiffs' Complaint is devoid of any factual allegations of any kind illustrating what statute – if any – was violated, or how – if at all – those unidentified statutes were violated."  The Court agrees.

Under Michigan law "[a]n eligible party can foreclose by advertisement when all of these conditions are met:"

> (1) the mortgagee has defaulted on a condition of the mortgage, triggering the power to sell;
> (2) no action has been instituted at law to recover the debt that the mortgage secures;
> (3) the mortgage with the power of sale has been recorded properly; and
> (4) the foreclosing party is "either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage.

M.C.L. § 600.3204(1).  A foreclosing party is then required to provide notice of the pending sale, including a calculation of the amount currently owed.  See MCL 600.3208.

Plaintiffs' wrongful foreclosure claim is alleged in the complaint as a "fail[ure] to properly follow the requirements of the Foreclosure process set forth in MCL 600.3201, et seq." (Doc. 1, complaint at ¶ 23.)  The complaint does not state with any degree of particularity what any of the alleged violations are.  The closest the complaint appears to identify any wrongdoing is suggesting that the amount claimed to be due contained in the foreclosure notice was somehow improper.  (Id.)  However, the complaint presents

4

no facts or explanation for how the amount on the notice was improperly calculated, why it is incorrect, or what the correct amount should have been.

In their response, plaintiffs state that "MERS was not the proper party to foreclose" on the property. Plaintiffs, however, offer no argument in support of this assertion and the complaint contains no allegations to this effect. Moreover, the Michigan Supreme Court has made clear that, under Michigan law, a mortgage granted to MERS as nominee for lender and lender's successors and assigns, as was the case here, is a valid and assignable mortgage. Residential Funding Co., LLC v. Saurman, 490 Mich. 909 (2011); see also Matthews v. Mortgage Electronic Registration Sys. Inc., No. 10–13740, 2011 WL 2560329 (E.D. Mich. Apr. 5, 2011). Under Saurman, MERS can assign a mortgage, as it did here.[1]

The wrongful foreclosure claim is nothing more than the conclusory allegation that defendants failed to follow the foreclosure process. This "formulaic recitation" fails to meet the minimum pleading requirement. See Twombly, 550 U.S. at 555 (requiring plaintiffs to allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

Moreover, to the extent plaintiffs are alleging a violation of the loan modification statute, such a claim fails. The complaint does not allege plaintiffs were entitled to a

---

[1] Additionally, to the extent that plaintiffs contend that the "securitization" process effectively split the mortgage from the note in breach of the mortgage, several courts have rejected this argument. "[S]ecuritization does not impermissibly split the promissory note and mortgage, nor does it invalidate the note or mortgage."). Jones v. Bank of America, No. 12-11608, 2012 U.S. Dist. LEXIS 158783, *8-9 (E.D. Mich. Nov. 6, 2012); Stafford v. Mortg. Elec. Regis. Sys., Inc., No. 12-10987, 2012 U.S. Dist. LEXIS 61413 at *13 (E.D. Mich. May 2, 2012) (citing cases).

loan modification; it rather alleges that they attempted, unsuccessfully, to obtain a loan modification. Section 600.3205c does not require the Trust to modify any specific loan, and it does not provide any basis for unwinding the foreclosure. Rather, the statute provides a borrower with an opportunity to enjoin the sale and force the foreclosure to be conducted under the judicial foreclosure process if the foreclosure is conducted in violation of the statute. See M.C.L. § 600.3205c(8).

Count I must be dismissed.

B. Count II - Breach of Contract

1.

Defendants argue that plaintiffs' breach of contract claim under Count II should be dismissed because it is insufficiently plead and barred by the statute of frauds. The Court agrees.

To state a breach of contract claim under Michigan law, plaintiffs must plead that "(1) that there was a contract, (2) that the other party breached the contract and, (3) that the party asserting breach of contract suffered damages as a result of the breach." Miller-Davis Co. v. Ahrens Const., Inc., 296 Mich. App. 56, 71 (2012).

The complaint falls short. The complaint alleges that the note and mortgage are a contract but it does not set forth what terms of the note and mortgage were breached. Moreover, while the plaintiffs allege that the Trust (the complaint does not mention MERS in this count) violated the "implied covenant of good faith and fair dealing," this fails to allege a plausible claim. "Michigan does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing." Fodale v. Waste Mgmt. of Mich., Inc., 271 Mich. App. 11, 35 (2006).

6

To the extent plaintiffs claim that the Trust breached an obligation by not modifying their loan, such a claim fails.  Plaintiffs do not set forth any term in the note or mortgage which obligates the Trust to modify their loan.  Indeed, neither the note or mortgage contains any term regarding loan modification.

As a result, at best the complaint alleges allege that the Trust made an oral promise to modify the loan.  However, as defendants point out, because the Trust is a financial institution,[2] Michigan law requires that any promise to modify the loan be in writing or it is barred by the statute of frauds.  The statute provides in relevant part:

An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:

> (a) A promise or commitment to lend money, grant or extend credit, or make any other financial accommodation.
> (b) A promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.
> (c) A promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

M.C.L. § 566.132(2) (emphasis added).  Michigan courts have applied section

---

[2] A "'financial institution' means a state or national chartered bank, a state or federal chartered savings bank or savings and loan association . . . or an affiliate or subsidiary thereof [and] a person licensed or registered under the mortgage brokers, lenders, and servicers licensing act . . ." M.C.L. § 566.132(3).  The Trust is a federal savings association, which is publically available information of which the Court can take notice.  See Mills v Equicredit Corp., 294 F. Supp. 2d 903, 910 (E.D. Mich. 2003) (taking judicial notice of a lender's status as a regulated entity in the context of a motion to dismiss for failure to state a claim); see also Federal Savings Association List, available at http://www.occ.gov/topics/licensing/national-bank-lists/thrifts-by-name-pdf.pdf

566.132(2) in holding that any agreement to modify a loan, waive a loan provision, or to provide any other financial accommodation must be in writing and signed by the financial institution.  See Crown Technology Park v. D&N Bank, FSB, 242 Mich. App. 538, 549 (2000).  See also Dingman v. OneWest Bank, FSB, 859 F. Supp. 2d 912, 919 (E.D. Mich. 2012) (allegations surrounding alleged promises of a loan modification precluded).

The complaint does not allege that the Trust made a promise in writing and the promise was signed by an authorized agent of the Trust agreeing to modify the loan. Thus, the claim is barred by the statute of frauds.

2.

Plaintiffs' response contains some additional details which they admit are not in the complaint but appear to be directed at their breach of contract and fraud claims. Plaintiffs say that they brought money to a Bank of America which would have brought their account current but the bank would not accept it because "their loan was under review."  Plaintiffs also say that they "worked with" a counselor at "Michigan Sate Extension Services" and were denied a loan because "their income was short $14 a month."[3]  Even if these factual allegations were folded into the complaint, they do not

---

[3]At the hearing, plaintiffs' counsel submitted a letter from Trott & Trott, a law firm apparently handling a possible loan modification and/or foreclosure proceedings.  The letter states in part: "Please be advised these calculations have been provided by your Lender in regards to your Loan Modification request."  It goes on to list plaintiffs' monthly income and expenses, resulting in a $14.07 monthly deficit.  Plaintiffs' counsel argued that this letter demonstrates the unreasonableness of plaintiffs being denied a loan modification.  Putting aside that nowhere in the letter does it state that plaintiffs are being denied a loan modification, as explained above, defendants are not obligated to give plaintiffs a loan modification.

establish a viable claim the Trust breached an agreement to modify plaintiffs' loan.

In the end, neither the complaint nor these additional details allege that the Trust made a promise in writing, which was signed by an authorized agent, to modify plaintiffs' loan. Plaintiffs' breach of contract claim must therefore be dismissed.

### C. Count III - Fraudulent Misrepresentation

Defendants say that this count must be dismissed because it is not plead with the requisite particularity and is barred by the statute of frauds. Defendants are correct.

A claim sounding in fraud is subject to the heightened pleading requirements under Fed. R. Civ. P. 9(b). Fed. R. Civ. P. 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b); see also Bender v. Southland Corp., 749 F.2d 1205, 1216 (6th Cir. 1984). In general, "[a] complaint is sufficient under Rule 9(b) if it alleges 'the time, place, and content of the alleged misrepresentation on which [the deceived party] relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud,' and enables defendants to 'prepare an informed pleading responsive to the specific allegations of fraud."' United States ex rel. Bledsoe v. Cmty. Health Sys., Inc., 501 F.3d 493, 509 (6th Cir. 2007) (citations omitted). The purpose of the additional pleading requirements of Rule 9(b) is to "provide defendants with a more specific form of notice as to the particulars of their alleged misconduct." Brown v. Bank of New York Mellon, 2011 WL 206124 at *3 (W.D. Mich. 2011).

In order to state a claim for fraud, plaintiffs must plead: (1) that defendants made a material misrepresentation; (2) that it was false; (3) that when they made it they knew that it was false, or made it recklessly, without any knowledge of its truth, and as a

9

positive assertion; (4) that they made it with the intention that it should be acted upon by plaintiffs; (5) that plaintiffs acted in reliance upon it; and (6) that they thereby suffered injury. Hi-Way Motor Co. v. Int'l Harvester Co., 398 Mich. 330, 336 (Mich. 1976). The absence of any one of these elements is fatal to recovery. Under Rule 9(b), plaintiffs "must at a minimum allege the time, place and contents of the misrepresentation(s) upon which [they] relied."

Here, the complaint does not state what statements, who made them, when and how they were made, and how plaintiffs relied on the statements. As discussed above with respect to plaintiffs' breach of contract claim, the additional statements in their response - that they brought money to a Bank of America which was not accepted and worked with a counselor at "Michigan Sate Extension Services" and being denied a loan modification – do not make out a viable misrepresentation claim as they fail to fit within the required elements. These additional details do not pertain to any action by the Trust which would make out a viable fraud claim.

Moreover, like plaintiffs' breach of contract claim, any misrepresentation arising out of an oral promise of a loan modification is barred by the statute of frauds as such promises must be in writing. See Polidori v. Bank of Am., N.A., 977 F. Supp. 2d 754, 763 (E.D. Mich. 2013) (dismissing fraud claim based on an alleged oral promise to modify a loan because the plaintiff "failed to plead facts or present evidence tending to show that BANA signed a loan modification document embodying the oral promise alleged.").

V. Conclusion

For the reasons stated above, the complaint does not plead plausible claims for

relief arising out of the pending foreclosure proceedings.  Defendants' motion to dismiss is GRANTED.  This case is DISMISSED.

    SO ORDERED.


        S/Avern Cohn
        AVERN COHN
        UNITED STATES DISTRICT JUDGE


Dated:  December 4, 2014
      Detroit, Michigan

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, December 4, 2014, by electronic and/or ordinary mail.

        S/Sakne Chami
        Case Manager, (313) 234-5160